**Jerry Kenneth STROUD,**
**Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent-Appellee.**

No. 81–1081
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1982.

Jerry K. Stroud, pro se.

Cheryl B. Wattley, Dallas, Tex., for U.S. Parole Com'n.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

█ In this habeas appeal, 28 U.S.C. § 2241,[1] Jerry Stroud, a federal prisoner, challenges the computation of his parole eligibility, the recommendation that he serve his entire sentence, and the constitutionality of the parole guidelines. Finding no error by the United States Parole Com-

1. The original petition in this case named both the United States Parole Commission and John W. Allman, Superintendent, F.P.C., Big Spring, Texas and sought both habeas relief and declaratory judgment. While subsequent pleadings and motions appear to have dropped Allman's name and at times substituted "United States" for the Commission, we are satisfied that the jurisdictional requirements of § 2241 are met since Stroud has alleged that his custody is in violation of federal laws and the Constitution. A petition for habeas under § 2241 is the proper vehicle for review of a decision by the Commission. Blau v. United States, 566 F.2d 526, 527–28 (5th Cir. 1978). Stroud is incarcerated at Big Spring, located within the Abilene Division of the Northern District of Texas, the district in which he filed his petition.

mission (Commission), we affirm the denial of habeas relief by the District Court.

## I.

Stroud was originally indicted in Federal District Court in Arizona and pleaded guilty to two counts of mail fraud, for using a fictitious identity to acquire credit cards, in violation of 18 U.S.C. § 1341. He was sentenced on October 29, 1979 to two five-year terms of imprisonment to run concurrently. On February 8, 1980, he appeared before a Hearing Examiner Panel at La Tuna which issued an opinion on February 21, 1980, ordering that Stroud continue his sentence to expiration. At the initial hearing, Stroud was informed that under the Commission's guidelines for parole decisions, 28 C.F.R. § 2.20, his offense was rated as "moderate" with a 3 salient factor score.[2] Although the guidelines indicated a recommended sentence of 24–32 months, the panel recommended that Stroud serve his entire sentence because of a criminal record indicating seven adult convictions for serious offenses since 1969, several of which involved fraudulent behavior.[3] Stroud asserted that his salient factor score was incorrectly calculated, the decision of the panel was not supported by reasons, mitigating circumstances justified a different decision, the panel did not follow correct procedure, significant new information was available,

and there were compelling reasons for a more lenient decision.

Stroud submitted additional material and appealed this decision to the Regional Commission. The Regional Commission affirmed the panel decision finding that the additional information was not significant.[4] The National Appeals Board affirmed, one commissioner dissenting, the panel decision on July 18, 1980, indicating that "previous reasons given support this decision."

After exhausting these administrative remedies, Stroud filed a *pro se* federal habeas action alleging incorrect computation of salient factor score, insufficient reasons for sentence above the guidelines and violation of due process. Stroud asserted that he was eligible for parole after serving 20 months, or one-third of his five year sentence. Alternatively, he argued that he should be released after serving 24 to 32 months, the recommended sentence in the guidelines. The District Court referred the case to a magistrate who recommended dismissal of his claims. The magistrate's recommendation was adopted by the District Court. From the dismissal of his petition by the District Court, Stroud appeals.

## II.

▇▇▇ The Commission is vested with authority to determine the time of release for

2. These guidelines indicate the customary range of time to be served before release for various combinations of offenses (severity) and offender (parole prognosis) characteristics. The parole prognosis characteristic is based on a salient factor score; the higher the number the better prognosis for parole. The salient factor score includes seven separate categories: number of prior convictions, number of prior commitments, age at behavior leading to first commitment, nature of the offense, prior parole and probation history, history of drug use, and verified employment or school attendance. Decisions outside of the guidelines may be rendered when especially mitigating or aggravating circumstances are present. 28 C.F.R. § 2.20(c)(d).

3. RECOMMENDATION:
 Continue to Expiration with a Statutory Interim Hearing during August 1981.
 REASONS:
 Your offense behavior has been rated as Moderate severity because the instant offense

involved mail fraud in excess of $2,000 and less than $19,999. You have a Salient Factor Score of 3 (see attached sheet). You have been in custody a total of 7 months. Guidelines established by the Commission for Adult cases which consider the above factors indicate a range of 24 to 32 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a poorer risk than indicated by your Salient Factor Score in that your criminal record shows seven adult convictions for serious offenses since 1969 with several of these convictions involving fraudulent behavior.

4. A. No information submitted for request or review was deemed significant enough to affect the decision.
 B. Reasons given support the order.

a prisoner, with certain limitations. 18 U.S.C. § 4201 *et seq.; United States v. Addonizio,* 442 U.S. 178, 188, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805, 813 (1979). That decision will not be reversed by a federal court absent "flagrant, unwarranted, or unauthorized action" by the Commission. *Page v. United States Parole Commission,* 651 F.2d 1083, 1085 (5th Cir. 1981); *United States v. Norton,* 539 F.2d 1082, 1083 (5th Cir. 1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1129, 51 L.Ed.2d 553 (1977). So long as there are no violations of any required due process protection and the Commission has acted within its authority, we will not usurp the Commission's position as established in the statutory scheme enacted by Congress.

 Stroud's first contention is that the reasons for denying parole provided by the Commission are insufficient, being vague, ambiguous, and not in accordance with the statutory obligation that the Commission "state with particularity" its reasons for denying parole. 18 U.S.C. § 4206(b). We find this argument without merit. The panel's statement included the offense rating and salient factor score, as well as those factors which led the panel to arrive at a determination outside the guidelines. Specifically, the statement indicates that the panel considered Stroud a poorer risk than indicated by his salient factor score due to a pattern of criminal convictions, many involving fraudulent behavior, the type of behavior evident in this most recent offense. The Commission satisfied the statutory requirement concerning decisions outside the guidelines that "the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. § 4206(c). *See* 28 C.F.R. § 2.13(d) (requiring offense severity rating, salient factor score, and "specific factors and information relied upon for any decision to continue such prisoner for a period outside the range indicated by the guidelines").

 Stroud next contends that he was misclassified. Stroud argues that his sali-

ent factor score was incorrect, that the Commission did not consider all material, and that his prior convictions were incorrectly included in determining his parole eligibility. Stroud claims that his salient factor score of 3 should have been 5 if the panel had considered his conduct as a model prisoner, the institutional record, and employment experience as mitigating factors. The Commission, in accordance with the regulations, "may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond." 28 C.F.R. § 2.19(c). The Commission considered Stroud's contention that he should have received one additional point for verified employment and one point for no parole or probation revocation. While Stroud may not have had his parole revoked, at the time of the offense in question he was subject to a five year probated sentence from California and therefore would be a "probation violator." The panel obviously refused to credit Stroud's employment as a consultant in his wife's beauty supply business and we cannot say that the panel's decision was clearly erroneous. Nor must the Commission consider institutional conduct as a major factor in its determination for parole. *Page v. United States Parole Commission,* 651 F.2d at 1087; *Landrum v. Warden, Federal Correctional Institution, Seagoville, Texas,* 623 F.2d 416, 418 (5th Cir. 1980); *Shahid v. Crawford,* 599 F.2d 666, 670 (5th Cir. 1979). The Commission in Stroud's case obviously placed more emphasis on Stroud's pre-sentence report and prior criminal record, information properly considered under 28 C.F.R. § 2.19(a)(2) and (3).

Stroud's assertion that the Commission did not consider additional relevant information and thus denied him a fair hearing is without merit. The Regional Commission considered the additional information concerning Stroud's prior history of alcoholism, his wife's health problems, and his version

of prior offenses, but affirmed the panel's decision, noting that no information submitted was "significant enough to affect the decision." The additional information, largely attempting to establish mitigating circumstances, does not warrant a reversal of the Commission's decision.

■ Nor do we find any merit in Stroud's attack on the use of the same prior convictions for determining the salient factor score and to justify action beyond the guidelines. In computing the salient factor score, the existence of four or more prior convictions results in the receipt of no points. That was the situation here where Stroud had seven prior convictions. Unlike the salient factor score computation which focuses on the *number* of prior convictions, the panel's primary reason for going beyond the guidelines was the *nature* of those convictions, establishing a pattern of fraudulent behavior. Nor do we find a violation of *ex post facto* prohibitions by the Commission's use of convictions occurring prior to 1976, the date the parole guidelines became effective. There is no *ex post facto* violation in the retroactive application of the guidelines. *See Graham v. U. S. Parole Commission,* 629 F.2d 1040, 1043 (5th Cir. 1980). Under both the statute and regulations, the Commission may consider a prisoner's prior criminal record and may determine that the prisoner serve a sentence above those in the guidelines. 18 U.S.C. § 4206, 18 U.S.C. § 4207; 28 C.F.R. § 2.19; 28 C.F.R. § 2.20.

### III.

■ Stroud's final contention is that the guidelines themselves are unconstitutional. If the guidelines are unconstitutional, Stroud reasons that he is entitled to release after serving one-third (20 months) of his sentence under 18 U.S.C. § 4205(a). We have previously rejected this argument in *Page v. United States Parole Commission, supra.* Contrary to Stroud's assertion,

parole is not a right, but rather only an expectation that may be granted by the Commission. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Page v. United States Parole Commission,* 651 F.2d at 1085–86; *Brown v. Lundgren,* 528 F.2d 1050, 1054 (5th Cir.), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). The Commission is vested with the discretionary power to grant or deny parole. *Page,* 651 F.2d at 1085; *Addonizio,* 442 U.S. at 188–89, 99 S.Ct. at 2242–43. The statute specifically allows the Commission to go outside the guidelines for "good cause". 18 U.S.C. § 4206(c).[5] Here, where Stroud's criminal record indicated a pattern of fraudulent activity, the Commission, acting within its authorized discretion and according to the guidelines, was justified in recommending incarceration for a period greater than that suggested in the guidelines. It is difficult to accept Stroud's position that the parole guidelines are unconstitutional because Congress in the 1976 Parole Commission and Reorganization Act rejected the "mechanical prejudgment of offense severity contained in the offense severity scale of the present guidelines." In response, we quote the Report and Recommendation of the Magistrate in this case: "That the process is not purely mechanical is exemplified by petitioner's own case—decision outside the guidelines was made."

Having examined Stroud's challenges to the computation of his parole eligibility, we find that in requiring Stroud to serve his entire sentence the Commission acted within its statutory authority and in accordance with the guidelines.

AFFIRMED.

5. (c) The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing:

*Provided* that the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.