825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman JORDAN, Petitioner-Appellant,
v.
John GLUCH, U.S. Parole Commission, Respondents-Appellees.
 No. 86-2130
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1987.
 
 ORDER
 Before KENNEDY and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This pro se petitioner seeks review of a judgment of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. Upon examination of the record and the briefs submitted by the parties, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, who pleaded guilty to two violations of 18 U.S.C. Sec. 841(a)(1), possession of heroin with intent to distribute, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. In support of his claim to that relief, he maintained that respondent had incorrectly calculated the presumptive date of his eligibility for release on parole. Upon its review of the record of proceedings before respondent Parole Commission, however, the district court concluded that petitioner's claim was without merit and ordered the dismissal of the petition for a writ of habeas corpus. This appeal ensued.
 
 
 3
 Petitioner bases his claim of entitlement to habeas relief upon the contention that respondent improperly set his presumptive parole release date by giving double consideration to various felony convictions which he had achieved prior to those for which he was then incarcerated. In particular, petitioner maintains that respondent had noted the existence of those earlier convictions in assigning his salient factor score and then utilized the violent, assaultive nature of those same offenses as the basis of its decision to set a presumptive parole release date beyond normal commission guidelines. Examination of the relevant authorities, however, indicates that respondent may properly follow such a practice in cases such as the present appeal. Stroud v. United States Parole Commission, 668 F.2d 843, 847 (5th Cir. 1982). The district court therefore did not err in dismissing the petition for a writ of habeas corpus.
 
 
 4
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.