Stanley Earl JONES,
Petitioner–Appellant,

v.

Benjamin BAER, et al.,
Respondents–Appellees.

No. 87–6174
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 29, 1988.

Order Vacating Opinion and Dismissing
Appeal on Rehearing July 12, 1988.

Stanley Earl Jones, pro se.

Bob Worhtam, U.S. Atty., Dave Smith, Tyler, Tex., for respondents-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

Stanley Earl Jones challenges the revocation of his parole on the ground that he was never given an opportunity to contest the most serious charge against him. Because the uncontested facts support Jones' contention, we reverse and remand.

I. *Background*

Stanley Earl Jones, after serving part of his federal sentence for bank robbery, was released under parole on October 8, 1985. On November 1, 1985, Jones was arrested, along with two other convicted felons, on suspicion of burglary. The arresting officer's written report stated that he followed the suspects' car for several blocks and observed the occupants of the car throw two guns out of the car windows. Citizens later reported finding two guns in the vicinity. The Los Angeles authorities decided not to file charges against Jones, but released him into federal custody.

On November 13, 1985, a federal officer interviewed Jones and made a preliminary determination that probable cause existed to detain Jones for parole violations. 18 U.S.C. § 4214(a)(1)(A).[1] At that time, Jones received notice that he was charged with three violations: (1) burglary; (2) association with convicted felons; and (3) possession of a firearm. Jones apparently also had a chance to see the Los Angeles police report, for he pointed to discrepancies between that report and the reports of the citizens who found the guns. A fourth charge, reporting for supervision a few days late, was subsequently added.

On February 5, 1986, a formal parole revocation hearing was held under 18 U.S.C. § 4214(a)(1)(B). Jones appeared with counsel and admitted that he had reported late and associated with felons, while offering some mitigating evidence on those charges. Jones denied that he had been involved in a burglary or with firearms. The Parole Commission had subpoenaed the arresting Los Angeles police officer, but the officer called in sick. The Commission instructed Jones and his attorney to present no evidence or argument on the burglary and firearms charges, announcing that the hearing would resume in April. The Commission's written report of

1. Repealed by Pub.L. 98–473, 98 Stat. 2027 (1984). Section 4214 continues to apply for five years to prisoners like Jones who committed offenses before November 1, 1987. 18 U.S.C.A. §§ 4201–4218 (West 1988 Supp.).

the February 5 hearing expressly makes no finding on burglary and firearms.

However, the Commission evidently reconsidered the necessity of live testimony and decided that the written Los Angeles Police Department reports would suffice. On February 27, 1986, the Commission, without holding further hearings, released its decision revoking Jones' parole for twenty-four months. Although the "Notice of Action" stated, "The panel makes no finding relative to the following charges: 1. Burglary. 2. Possession of a firearm," the notice goes on to declare, "Your offense behavior has been rated as Category Three severity because it involved possession of weapons by a prohibited person." Record, at 12. Jones states, and the Government apparently agrees, that Parole Commission guidelines provided for only six to nine months' incarceration for the association with felons and late reporting charges. Thus, addition of a finding on the firearms charge made a difference of approximately a year in jail to Jones.

Jones appealed his revocation to the National Appeals Board, arguing that the Commission panel had denied him a hearing on the firearms charge. On July 3, 1986, the Appeals Board found the firearms charge sufficiently supported by the Los Angeles Police Department report. The Board, finding "partial merit" in Jones' claim that the action of the panel had been inconsistent with its findings, retroactively modified the February 27, 1986 Notice of Action to include a finding that Jones had possessed a firearm. Record, at 23. The Appeals Board did not address Jones' contention that he was given no opportunity to contest the firearms charge.

On September 2, 1986, Jones sued for habeas corpus relief in the Eastern District of Texas under 28 U.S.C. § 2241, alleging that he was never given a hearing on the firearms charge. The case was assigned to a magistrate. The magistrate issued three reports, between April 1987 and July 1987, finding that Jones received notice of the firearms charge, that the Parole Commission was not barred from considering the Los Angeles police report by the hearsay rule, and that there was sufficient evidence for the Commission to conclude that Jones did have a firearm. The magistrate's reports did not address Jones' lack of a hearing argument, although Jones filed three objections to the magistrate's reports reiterating that argument. On October 13, 1987, the district court dismissed Jones' habeas petition with prejudice.

## II. *Discussion*

The Supreme Court has held that a parolee facing parole revocation, while not entitled to a full criminal trial, must receive minimal due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 486–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972). Due process in a parole revocation hearing requires notice of the charges; an opportunity to appear, present evidence, and confront witnesses; an independent decisionmaker; and a written statement of reasons and findings. *Gagnon*, 411 U.S. at 786, 93 S.Ct. at 1761–62; *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604; *United States v. Caldera*, 631 F.2d 1227, 1228 (5th Cir.1980). Concerning the right to appear and contest the charges, the Supreme Court has written, "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the [parole] conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey*, 408 U.S. at 488, 92 S.Ct. at 2603. The statute governing federal parole revocation contains a similar requirement:

> (2) Hearings held pursuant to subparagraph (1) of this subsection shall be concluded by the Commission in accordance with the following procedures:
>
> . . . . . .
>
> (C) opportunity for the parolee to appear and testify, and present witnesses and relevant evidence on his own behalf;
>
> . . . .

18 U.S.C. § 4214(a)(2).

In the instant case, Jones' uncontested narrative and Commission records indicate that Jones never received a hearing on the firearms charge. Although he denied that charge and was prepared to argue against it, he was instructed to reserve his argument for a future hearing that was never held. The Parole Commission's National Appeals Board recognized that something was amiss and attempted to correct the problem by making a retroactive finding. This "finding," however, was reached without benefit of Jones' arguments or evidence.

In his submissions to the National Appeals Board, the magistrate, and the dis-

trict court, Jones consistently argued that he was denied the right to contest the firearms charge. We are troubled by the fact that neither the Appeals Board nor the district court confronted this argument. Instead, these entities denied Jones relief with the true, but irrelevant, observations that the Parole Commission may consider hearsay evidence and that Parole Commission decisions are reviewed under an abuse of discretion standard. *See, e.g., Maddox v. United States Parole Commission,* 821 F.2d 997, 999–1000 (5th Cir.1987); *Taylor v. United States Parole Commission,* 734 F.2d 1152, 1155 (6th Cir.1984); *Stroud v. United States Parole Commission,* 668 F.2d 843, 846 (5th Cir.1982). This Court has observed that Commission decisions will receive deferential review "[s]o long as there are no violations of any required due process protection and the Commission has acted within its authority...." *Stroud,* 668 F.2d at 846. Jones' argument goes directly to such a due process violation. Accordingly, we must reverse and remand. *Caldera,* 631 F.2d at 1228. Because Jones has, apparently, already served a year in prison as a result of easily-avoidable mistakes in the handling of his case, the district court is directed to consider the case, on remand, as expeditiously as possible.

REVERSED and REMANDED.

### ORDER ON REHEARING

PER CURIAM:

In its petition for rehearing, the Parole Commission has informed the Court that Stanley Earl Jones was released on parole on April 6, 1988. The only issue in the instant case was whether Jones was entitled to parole release. The panel opinion, dated April 29, 1988, is therefore moot.

IT IS ORDERED that the opinion of the panel be VACATED and the appeal dismissed as moot.