John **FRANZESE**, Petitioner,

v.

**J.J. CLARK, et al., Respondents.**

**Civ. A. No. 89–0022–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 13, 1990.

John Franzese, FCI Petersburg, Va., pro se.

Henry E. Hudson, U.S. Atty., Alexandria, Va., Richard K. Preston, Office of General Counsel, U.S. Parole Com'n, Chevy Chase, Md., for respondents.

## ORDER

ELLIS, District Judge.

This matter is before the Court on a petition for a writ of *habeas corpus.* In response, the Parole Commission members, through counsel, filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Petitioner, given 20 days in which to respond, timely filed a brief in opposition to the government's position. As the issue is properly joined, it is ripe for decision by this Court.

The pertinent facts may be succinctly stated. Petitioner, an inmate incarcerated at the Federal Correctional Institution, Petersburg, Virginia for bank robbery, moves this Court for *habeas corpus* relief following revocation of his parole on August 19, 1986. At the time of his parole revocation, the Parole Commission reviewed petitioner's presumptive parole date and determined it to be April 22, 1994. In determining that date, the Parole Commission applied the re-parole guidelines in effect at the time of petitioner's parole revocation. Petitioner contends that the Parole Commission violated the *Ex Post Facto* Clause of the United States Constitution when it applied re-parole guidelines that were promulgated years after April 1967 when petitioner was sentenced for his original offense.

No Fourth Circuit decision squarely considers whether retroactive application of parole guidelines violates the *Ex Post Facto* Clause. Even so, the resolution of this issue is not in serious doubt for the other circuits that have considered this issue are unanimous in their holding that the *Ex Post Facto* Clause does not apply to retroactive application of changes in parole guidelines, since the guidelines are not "laws." *Resnick v. United States Parole Comm'n,* 835 F.2d 1297, 1301 (10th Cir. 1987); *Sheary v. United States Parole Comm'n,* 822 F.2d 556 (5th Cir.1987); *Prater v. United States Parole Comm'n,* 802 F.2d 948 (7th Cir.1986); *Yamamoto v. United States Parole Comm'n,* 794 F.2d

**654**

1295 (8th Cir.1986); *United States ex rel Forman v. McCall*, 776 F.2d 1156, 1163 (3d Cir.1985); *Di Napoli v. Northeast Regional Parole Comm'n*, 764 F.2d 143, 146 (2d Cir.), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985); *Dufresne v. Baer*, 744 F.2d 1543 (11th Cir.1984); *Warren v. United States Parole Comm'n*, 659 F.2d 183 (D.C.Cir.1981); *Ruip v. United States*, 555 F.2d 1331 (6th Cir.1977). This sensible result follows from the nature and function of guidelines. Guidelines operate within a statutory framework to guide judgment. By their nature, they are "interpretive, rather than legislative" and "may be discarded where circumstances require." *Prater v. United States Parole Comm'n*, 802 F.2d 948, 954 (7th Cir.1986) (quoting *Inglese v. United States Parole Comm'n*, 768 F.2d 932, 936 (7th Cir.1985); *See also General Electric Co. v. Gilbert*, 429 U.S. 125, 141–42, 97 S.Ct. 401, 410–11, 50 L.Ed.2d 343 (1976) (issuance of guidelines is performance of an interpretive function, not enactment of a law). Moreover, parole is an act of discretion. *See* 18 U.S.C. §§ 4202 *et seq.*, 4203(a)(1), 4206(a); 28 C.F.R. § 2.18 (1974) (the granting of parole rests in the discretion of the [Parole Commission]). Prohibiting the retroactive application of revised guidelines amounts to a serious and severe limitation of the Parole Commission's discretion—a limitation not commanded by the Constitution and certainly not intended by Congress in designing the parole system.

It is the unique nature of guidelines that distinguishes this case from settled Fourth Circuit authority holding that retroactive application of amended parole *statutes* violates the *Ex Post Facto* Clause. *See, Schwartz v. Muncy*, 834 F.2d 396 (4th Cir. 1987) (holding application of an amended Virginia parole eligibility statute to increase punishment to be served on a previous conviction a violation of the *Ex Post Facto* Clause); *Fender v. Thompson*, 883 F.2d 303, 306 (4th Cir.1989) (holding that the *Ex Post Facto* Clause forbids the application of statutes enacted or amended after a prisoner was sentenced "to alter the conditions of or revoke his or her preexisting parole eligibility—notwithstanding that the

conduct purportedly triggering application of the statute occurred after its enactment"). Thus, retroactive application of revised parole guidelines in no way offends the *Ex Post Facto* Clause.

The Court therefore finds that the Parole Commission properly fixed petitioner's presumptive parole date on the basis of the guidelines in effect at the time of petitioner's parole revocation. Accordingly, the petition for a writ of *habeas corpus* is DENIED.

Should petitioner wish to appeal this ruling, written notice of the appeal must be filed with the Clerk of this Court within 30 days of the date of this Order.

The Clerk is directed to issue copies of this Order to petitioner and the United States Attorney for this District.