Robert McKISSICK, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, Respondent.

No. CIV.A.5:01–0825.

United States District Court,
S.D. West Virginia.
Beckley Division.

March 11, 2003.

Robert McKissick, Beaver, WV, Pro se.

Michael L. Keller, Assistant United States Attorney, Charleston, WV, United States Parole Commission, Chevy Chase, MD, for Respondent.

## *JUDGMENT ORDER*

HADEN, District Judge.

Pending is Movant's petition for relief pursuant to 28 U.S.C. § 2241. This action was previously referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, who has submitted his proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

Following a *de novo* review, the Court **ADOPTS** and **INCORPORATES** herein the proposed Findings and Recommendation. The Court **GRANTS** Petitioner's

motion for enlargement of time and **ORDERS** filed Petitioner's Traverse in Reply. Petitioner's § 2241 petition is **DENIED** and this action is **DISMISSED** and **STRICKEN** from the docket.

The Clerk is directed to send a copy of this Judgment Order to the named parties and counsel of record.

### PROPOSED FINDINGS AND RECOMMENDATION

On September 7, 2001, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1. The Respondent, United States Parole Commission [USPC], violated the *ex post facto* clause when it applied the District of Columbia parole regulations codified at 28 C.F.R. §§ 2.70, *et seq.*, rather than applying the rules of the District of Columbia Board of Parole in effect when Petitioner entered a guilty plea in the District of Columbia Superior Court.

2. The USPC improperly considered prison misconduct of which he was exonerated. (Document No. 1, p. 7.)

By Standing Order filed on January 11, 2002, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

### PROCEDURE AND FACTS

Petitioner pled guilty in the District of Columbia Superior Court to Murder II while armed, and was sentenced on July 24, 1992, to a term of 13–39 years of imprisonment. (Document No. 1, p. 1 and 14.) On September 28, 1999, Petitioner pled guilty in the United States District Court for the Middle District of Pennsylvania to possession of a knife by a federal inmate,[2] and aiding and abetting, in violation of 18 U.S.C. §§ 1791(a)(2), (d)(1)(B) and (2). (Document No. 17, Exhibits 1 and 3, p. 10–11, *United States v. McKissick*, Criminal Action No. 3:99–CR–203 (M.D.Pa. Feb. 14, 2000).) He was sentenced on February 10, 2000, to a non-parolable term of imprisonment of 12 months and one day, to be followed by a three year term of supervised release, which will run consecutively to his District of Columbia sentence. (Document No. 4, p. 1 and Exhibit 1.) On March 8, 2001, Respondent conducted Petitioner's initial parole hearing and ordered that Petitioner continue for a three year reconsideration hearing in July, 2006, after the service of 60 months from his parole eligibility date of July 31, 2001.[3] (Document No. 4, p. 2 and Exhibit 4.)

By Order entered on September 21, 2001, Magistrate Judge Feinberg directed Respondent to show cause, if any, why

---

1. Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2. The incident underlying this offense occurred on June 30, 1999, while Petitioner was incarcerated at FCI Lewisburg, in Lewisburg, Pennsylvania. Petitioner is currently incarcerated at FCI Beckley, in Beaver, West Virginia.

3. As of March 31, 2001, Petitioner had been in custody for a total of 117 months. The USPC determined that Petitioner's total guideline range was 235–297 months. Therefore, pursuant to 28 C.F.R. § 2.75(a)(1)(ii), because Petitioner's offense resulted in the death of the victim. Respondent directed that he continue for a rehearing in five years.

Petitioner's Petition for Writ of *Habeas Corpus* should not be granted. (Document No. 3.) Respondent filed a Response on November 1, 2001, contending that the District of Columbia "parole guidelines do not constitute laws for *ex post facto* purposes," and therefore, can be applied retrospectively without violating Petitioner's constitutional rights. (Document No. 4, p. 5.) Respondent claims alternatively, that if the guidelines do constitute laws for *ex post facto* purposes, Petitioner is not entitled to relief because he cannot demonstrate that he has been materially disadvantaged by their application. (Document No. 4, p. 9–14.) Additionally, Respondent states that the National Capital Revitalization and Self–Government Improvement Act of 1997 [Revitalization Act] does not change any aspect of Petitioner's right to parole consideration and that there has been no change in the law governing his eligibility for parole. (Document No. 4, p. 4–5 and 8–9.) Therefore, Petitioner is not entitled to *habeas* relief.

On March 18, 2002, Petitioner filed a Motion for Enlargement of Time to file his Reply, together with his Traverse in Reply to the Respondent's Response. (Document Nos. 8 and 9.) Petitioner states that he is entitled to *habeas* relief for the following reasons:

1. The "Revitalization Act" is a law (Public Law No. 105–33) and is therefore subject to an ex post facto challenge.... [T]he Revitalization Act, itself, was enacted ex post facto in regard to the adverse effect said Act is having on [Petitioner's] sentence (Document No. 9, p. 1.);

2. The policies of the U.S. Parole Commission are both different and harsher than the policies of the Dis-

trict of Columbia Parole Board, and Petitioner became subjected to the harsher policies as a result of the enactment of the Revitalization Act of 1997 (Document No. 9, p. 2.); and

3. The U.S. Parole Commission did, in fact, consider misconduct reports for which Petitioner had been exonerated, and the Commission actually sanctioned Petitioner for said conduct which Petitioner was found to have not committed. (*Id.*)

Having carefully examined the documents contained in the file and considered the applicable law, the undersigned finds that Petitioner's Application must be dismissed.

### *ANALYSIS*

A prisoner seeking *habeas corpus* relief under Section 2241 must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner primarily contends that the Revitalization Act "was enacted ex post facto in regard to the adverse effect said Act is having on his sentence." (Document No. 9, p. 1.) The *ex post facto* clause, Article 1, Section 9, Clause 3 of the United States Constitution, prohibits the enactment of any law that is retrospective in nature and disadvantages the offender affected by it.[4] *See Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). A law is retrospective if it "changes the legal consequences of acts completed before its effective date." *Weaver*, 450 U.S. at 31, 101 S.Ct. at 965. The Revitalization Act vested the USPC with the sole authority to administer the District of Columbia parole system on August 5, 1998.

---

**4.** Article 1, Section 9, Clause 3 of the United States Constitution states: "No Bill of Attainder or ex post facto Law shall be passed." Likewise, Article 1, Section 10, Clause 1 of

the United States Constitution states: "No state shall ... pass any Bill of Attainder, ex post facto Law...."

*See* The National Capital Revitalization and Self–Government Improvement Act, Pub.L. No. 105–33, § 11231(a)(1), 111 Stat. 712, 745, *codified at* District of Columbia Code § 24–131(a)(1)(2001)("Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole. . . ."). Thus, the USPC is responsible for making parole release decisions for all eligible District of Columbia Code felony offenders, including Petitioner. The USPC must follow the parole laws and rules of the District of Columbia as amended and supplemented by the USPC. The USPC has amended the parole rules and guidelines of the District of Columbia. *See* 28 C.F.R. §§ 2.80, *et seq.; see also Muhammad v. Mendez,* 200 F.Supp.2d 466, 469–70 (M.D.Pa.2002). The USPC has prescribed the procedure it employs with respect to District of Columbia Code offenders at 28 C.F.R. §§ 2.70, *et seq.* Petitioner essentially is claiming that the USPC's application of these parole guidelines to his case was an unconstitutional violation of the *ex post facto* clause.[5]

## A. *USPC Parole Guidelines are not laws for ex post facto purposes*

■ The USPC contends however, that the parole guidelines are not laws and therefore, cannot give rise to an *ex post facto* violation. (Document No. 4, p. 5.) The Fourth Circuit Court of Appeals has not determined whether or not the USPC

parole guidelines constitute laws for *ex post facto* purposes. The majority of the Circuit Courts that have considered this issue however, agree with the USPC's proposition. *See DiNapoli v. Northeast Parole Comm'n,* 764 F.2d 143, 146 (2d Cir.1985)(stating that the federal parole guidelines "are not 'laws' within the meaning of the ex post facto clause"); *Sheary v. United States Parole Comm'n,* 822 F.2d 556, 558 (5th Cir.1987)(declaring that "[t]here is no *ex post facto* violation in retroactive application of the [Parole Commission] guidelines."); *Ruip v. United States,* 555 F.2d 1331, 1335 (6th Cir.1977); *Inglese v. United States Parole Comm'n,* 768 F.2d 932, 935–36 (7th Cir.1985)(holding that the USPC "parole guidelines are not 'laws,' and therefore can be applied ex post facto without violating petitioner's constitutional rights."); *Rifai v. United States Parole Comm'n,* 586 F.2d 695, 698 (9th Cir.1978)(stating that the USPC parole guidelines "are merely procedural guideposts, without the characteristics of laws."); *Dufresne v. Baer,* 744 F.2d 1543, 1550 (11th Cir.1984). As the Eleventh Circuit said, the USPC parole guidelines "merely indicate when, in most cases, the prisoner can expect release. We agree with the second, sixth, seventh and ninth circuits that the parole guidelines do not have the force and effect of law." *Dufresne v. Baer,* 744 F.2d at 1550. The undersigned finds that the USPC parole guidelines do not constitute laws for purposes of *ex post facto* consideration. The guidelines operate only to provide a framework for the USPC's exercise of its discretion. *See* 28 C.F.R. § 2.18 (2002).[6] Thus,

---

5. The Court notes that pursuant to 28 C.F.R. § 2.80(a), the guidelines apply to Petitioner because his initial parole hearing was held on March 8, 2001. Title 28, Section 2.80(a) states in part, that the Guidelines for District of Columbia Code offenders apply "to any initial hearing for an adult prisoner conducted on or after December 4, 2000, and any

rehearing for an adult prisoner who was given an initial hearing on or after August 5, 1998, but before December 4, 2000. . . ." 28 C.F.R. § 2.80(a).

6. 28 C.F.R. § 2.18 states in part: "The granting of parole to an eligible prisoner rests in

the Respondent's application of its amended parole rules and guidelines of the District of Columbia guidelines, 28 C.F.R. §§ 2.80, *et seq.*, in Petitioner's case is not an unconstitutional violation of the *ex post facto* clause.

**B.** ***Even if USPC Parole Guidelines are laws, there was no ex post facto violation***

 Even if the parole guidelines were to constitute laws, their application in Petitioner's case does not violate the *ex post facto* clause. As previously stated, a law violates the *ex post facto* clause if it is retrospective and disadvantages the offender affected by it. *See Weaver,* 450 U.S. at 28, 101 S.Ct. at 964. Regarding the second element of an *ex post facto* claim, an offender is disadvantaged by "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver,* 450 U.S. at 28, 101 S.Ct. at 964. Thus, even if a law is retrospective, the law does not violate the *ex post facto* clause unless it adds to the quantum of punishment. *See Weaver,* 450 U.S. at 30–31, 101 S.Ct. at 965. The USPC asserts that there was no *ex post facto* violation because the USPC retained discretion in applying the amendments to the guidelines and Petitioner's "quantum of punishment" was not increased. (Document No. 4, p. 4 and 9.). Petitioner alleges however, that contrary to the District of Columbia Board of Parole Rules and in violation of the *ex post facto* clause, the USPC (1) calculated a Salient Factor Score [SFS] to assess the probability of a future law violation, considering each and every act of his misconduct under 28 C.F.R. §§ 2.20, 2.36, 2.80(c), and (2) continued his rehearing for five years under 28 C.F.R. § 2.75(a)(1)(ii).

the discretion of the U.S. Parole Commis-

**1.** ***USPC's calculation of Salient Factor Scores does not violate ex post facto clause***

 Petitioner implies that because the District of Columbia Parole Board "did not use a Salient Factor Score Manual to determine parole eligibility," the USPC's calculation of a SFS resulted in his denial of parole, thereby exposing him "to policies that [were] harsher than the policies [he] would have faced under the D.C. Parole Board ... relative to [his] liberty interest." (Document No. 9, p. 6.) First, the Court must consider Petitioner's implication that his constitutional rights to due process were violated as a result of the USPC's infringement of his "liberty interest" in being paroled. The "Due Process Clause applies when government action deprives a person of liberty or property." *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). The United States Supreme Court has clearly stated: "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz,* 442 U.S. at 7, 99 S.Ct. at 2103. Thus, Petitioner does not have a liberty interest in being released on parole. *Id.*

Second, in 1987 the District of Columbia Board of Parole [the Board] "promulgated new regulations that provided for the use of 'salient factor scores' in making parole determinations" intended "'to guide the Board in making the decision whether to grant or deny parole.'" *Blair–Bey v. Quick,* 151 F.3d 1036, 1039 (D.C.Cir.1998)(*quoting Davis v. Henderson,* 652 A.2d 634, 635 (D.C.1995)); *see also* 28 D.C.M.R. §§ 204.1, 204.4–204.18. In determining whether or not to grant parole, the Board utilized a three-tiered system incorporating the salient fac-

sion."

tor score, the total point score, and the grant/denial policy. *See* 28 D.C.M.R. § 204. Thus, the USPC's calculation of a SFS in itself, does not constitute an *ex post facto* violation.

Intending to restructure "the use of paroling discretion in a more consistent manner," the USPC amended and supplemented the Board's system of measuring the degree and seriousness of the risk to the public safety. *See* Paroling, Recommitting, and Supervising Federal Prisoners: Prisoners Serving Sentences Under the District of Columbia Code, 63 Fed.Reg. 39175 (July 21, 1998) *codified at* 28 C.F.R. pt. 2, §§ 2.70, *et seq.* (2002). The USPC continues to calculate the SFS,[7] but because of the Board's "well-founded concerns about the seriousness of the risk," the USPC increased the number of points awarded for certain factors to better predict "the probability of violent offenses" and to "differentiate between ordinary and extremely violent offenses." 63 Fed.Reg. 39174. For example, the point levels for offenders with extensive records of prior violent crimes were increased. *Id.* However, factors less predictive of future violence were omitted. *Id.* The USPC also increased the weight given to institutional performance by permitting program achievement to be balanced against any misconduct during the same time period. *Id.* An additional point was added for those with superior program achievement. *Id.* Moreover, the same discretion that was afforded the Board to depart from the guidelines for good cause was not altered. *See* 28 C.F.R. 2.18.

### 2. *USPC's consideration of all misconduct does not violate ex post facto clause*

■ Petitioner contends that the USPC's consideration of every act of mis-

conduct in its calculation of his SFS was an *ex post facto* violation because the Board would have considered misconduct only for the past year. The undersigned finds that Petitioner's contention is purely speculative. The Board was afforded broad discretion to depart from the guidelines for good cause. Given the numerous disciplinary violations (Document No. 4, Exhibits 2–7.) Petitioner received while incarcerated, together with the fact that he has once violated parole, it is impossible to assume that the Board would not have departed from the guidelines to consider Petitioner's record as a whole, as did the USPC. Thus, the USPC's consideration of all Petitioner's misconduct does not increase his quantum of punishment in violation of the *ex post facto* clause.

### 3. *USPC's continuing Petitioner's rehearing for five years does not violate ex post facto clause*

■ Finally, Petitioner claims that the USPC's continuing his rehearing for five years was an *ex post facto* violation. In 28 C.F.R. § 2.75, the USPC amended 28 D.C.M.R. § 104 by extending the time for rehearing to five years and prohibiting the scheduling of a rehearing more than five years from the last hearing. *See* 63 Fed. Reg. 39172 (July 21, 1998). Under 28 D.C.M.R. § 104, the Board was able to order a rehearing exceeding this five year limit if, in its discretion, it departed from the guidelines for good cause. Clearly, Petitioner cannot demonstrate that the USPC's five year continuance increased his quantum of punishment in violation of the *ex post facto* clause. Petitioner has failed to allege a valid *ex post facto* claim, and therefore, is not entitled to *habeas* relief.

---

7. In determining parole eligibility, the USPC calculates a Salient Factor Score, a Base Point Score, and utilizes a Base Point Guidelines Range. *See* 28 C.F.R. § 2.80.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion for Enlargement of Time (Document No. 8.) and **ORDER** Petitioner's Traverse in Reply (Document No. 9.) was timely filed on March 18, 2002, and **DISMISS** this case without prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED,** and a copy will be submitted to the Honorable United States District Judge Charles H. Haden, II. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363, 1366 (4th Cir.1989); *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Haden and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and to counsel of record.