**Hassan TAQUEE, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and Michael Gaines, Chairman, United States Parole Commission, Appellees.**

No. 03–5023.

United States Court of Appeals, District of Columbia Circuit.

Oct. 7, 2004.

Hassan Taquee, Jonesville, VA, pro se.

Roy Wallace McLeese, III, John Robert Fisher, Assistant U.S. Attorneys, U.S. Attorney's Office, Washington, DC, for Appellees.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the

briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the judgment of the district court be affirmed. Because the United States Parole Commission ("Commission") may "weigh the particular nature of an offense as an aggravating factor even if the offense itself was accounted for" in determining the salient factor score, *Thomas v. Brennan,* 961 F.2d 612, 620 (7th Cir.1992), the Commission did not abuse its discretion in considering the nature of appellant's offense in departing from the guidelines to deny parole. *See also Stroud v. United States Parole Commission,* 668 F.2d 843, 847 (5th Cir. 1982); *Mason v. United States Parole Commission,* 768 A.2d 591, 593–94 (D.C. 2001). Nor did the Commission double-count in extending the time for petitioner's rehearing, as no double-counting occurs when the Commission relies on the same factor in reaching two independent determinations such as the denial of parole and extension of a rehearing date. *See Hall v. Henderson,* 672 A.2d 1047, 1056 (D.C. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.