**Bill D. MADDOX, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent-Appellee.**

No. 87–1036
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 25, 1987.

---

Bill D. Maddox, pro se.

Helen M. Eversberg, U.S. Atty., Mark M. Greenberg, Asst. U.S. Atty., El Paso, Tex., for respondent-appellee.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue is whether the Parole Commission's decision classifying a federal prisoner and fixing his parole date should be reversed. We decline the request to do so because the Parole Commission acted within the discretionary bounds granted it by Congress.

## I.

Bill D. Maddox was convicted in the United States District Court for the Western District of Tennessee of conspiring to distribute marijuana, an offense involving about 11,000 pounds of marijuana, and aiding and abetting the possession of marijuana with intent to distribute. He was sentenced to two concurrent ten-year prison terms.

Thereafter Maddox was convicted in the Superior Court of Onslow County, North Carolina, of conspiring to traffic in marijuana, a separate offense, involving 85,000 pounds of marijuana. He was sentenced to a prison term of not less than twelve years or more than sixteen years to be served concurrently with his federal prison sentence.

After Maddox had commenced serving his federal prison sentence at the La Tuna Federal Correctional Institution near El Paso, Texas, his initial parole hearing was held. In a prehearing assessment report, Maddox was issued a category six offense-severity rating because the offense "involved a non-peripheral role in possession with intent to distribute in excess of 20,000 pounds of marijuana." The quantity of marijuana was calculated by combining the marijuana involved in both the federal and state convictions. The report gave Maddox a salient factor score of "10" ("very good" parole prognosis). The corresponding Parole Commission guidelines for that offense-severity rating and salient factor score indicated a recommended sentence of 40–52 months. The report also noted a comment by the sentencing judge in an AO-235 report which states:

"Substantial punishment indicated for this man's important role in a large marihuana conspiracy in Florida resulted in hundreds of thousands dollars worth of marihuana shipped to the Western District of Tennessee (and probably many other areas). Tapes indicated that this defendant assisted in "laundering" under a major criminal operator, Donald Raulerson, in the Fort Pierce area of Florida.

This man played a very substantial role in continuing drug operations. After he was indicated [sic] on the drug offenses pertaining to the Western District of Tennessee, he was observed on video tape continuing to discuss drug operations, disposal of large amounts of cash to foreign countries, and in assisting another in the "laundering" of large amounts of cash. There would be no reason to indicate that this defendant should have early parole: indeed, to the contrary."

The hearing panel recommended that Maddox be required to serve the maximum 52–month period established by the guidelines.

The Regional Parole Commission disagreed with the hearing panel and ordered that Maddox be required to serve four months more than the guideline range. The Commission found that a decision above the guidelines was warranted because:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because your offense behavior involved the following aggravating factors: The overall offense behavior involved the distribution of Marijuana in an amount approximately 4½ times greater than that established by the base amount of the *guidelines on addiction*. You continued to engage in drug trafficking [sic] after being indicted on the Federal drug charges. (Emphasis added.)

The National Appeals Board affirmed the Regional Commission's decision.

Maddox contends that (1) the Parole Commission's decision was vague and uncertain; (2) his offense-severity rating should have been category five because he was convicted in federal court of an offense involving only 11,000 pounds of marijuana; and (3) the Parole Commission did not have good cause to go outside the guidelines because (a) he was not provided with a copy of the guidelines on addiction, (b) the guidelines on addiction were not in existence at the time of his conviction and thus application of these guidelines to him would violate the Constitution's *ex post facto* clause, and (c) the Parole Commission used the same information to establish his offense-severity rating and to support its decision above the guidelines. There are no "guidelines on addiction." This is a clerical error in the Regional Commission's decision. This obviously meant the guidelines for determining the offense-severity

rating. In his later reply to the government's response, Maddox argued that the Parole Commission erroneously relied on the sentencing judge's comments in an AO–235 form to support its decision because the judge's comments are unsubstantiated hearsay.

## II.

Congress has given the Parole Commission absolute discretion concerning matters of parole.[1] Congress has dictated that the Parole Commission may use all relevant, available information in making parole determinations.[2] The regulations provide, "The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond."[3]

18 U.S.C. § 4207 contains a nonexhaustive list of information that the Commission may consider in making parole determinations. As with sentencing courts, the only constraints on the information that may be considered by the Parole Commission are constitutional. Specifically, the Commission may consider dismissed counts of an indictment,[4] hearsay evidence,[5] and allegations of criminal activity for which the prisoner has not even been charged.[6] The regulations provide, "If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard."[7] However, "it is not the function of the courts to review the discretion of the Board in the denial of

---

**1.** *See* 18 U.S.C. § 4203 (1982); *Tarlton v. Clark,* 441 F.2d 384, 385 (5th Cir.), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971).

**2.** 18 U.S.C. § 4207 (1982 & Supp. III 1985).

**3.** 28 C.F.R. § 2.19(c) (1986).

**4.** *Page v. United States Parole Comm'n,* 651 F.2d 1083, 1086 (5th Cir. Unit A July 1981).

**5.** *Taylor v. United States Parole Comm'n,* 734 F.2d 1152, 1155 (6th Cir.1984).

**6.** *Allen v. Hadden,* 536 F.Supp. 586, 591 (D.Colo. 1982), *aff'd sub nom. Robinson v. Hadden,* 723 F.2d 59 (10th Cir.1983), *cert. denied,* 466 U.S. 906, 104 S.Ct. 1684, 80 L.Ed.2d 159 (1984).

**7.** 28 C.F.R. § 2.19(c) (1986).

application for parole or to review the credibility of reports and information received by the Board in making its determination." [8] Thus, as this court has observed,

> [t]his Court cannot disturb a decision by the Commission setting the time for parole release absent a showing that the action is "flagrant, unwarranted, or unauthorized." *Page v. United States Parole Commission,* 651 F.2d 1083, 1085 (5th Cir.1981); *United States v. Norton,* 539 F.2d 1082, 1083 (5th Cir.1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1129, 51 L.Ed.2d 553 (1977). So long as due process requirements are observed and the Commission has acted within its statutory authority, we will not usurp the Commission's position as established in the statutory scheme enacted by Congress.[9]

Although the Commission's decisions must have a factual basis, judicial review is limited to whether there is "some evidence" in the record to support the Commission's decision.[10]

### III.

Maddox contends that his category six offense-severity rating was unwarranted. A marijuana offense is properly characterized as category six if the prisoner had a nonperipheral role in an offense that involved 20,000 pounds or more of marijuana. If the offense involved less than 20,000 (but more than 2,000) pounds of marijuana or the prisoner had only a peripheral role, his offense behavior is properly rated as category five.[11] Maddox contends that his offense-severity rating should have been category five because his federal conviction involved only 11,000 pounds of marijuana.

 Maddox's offense behavior was rated as category six because the Parole Commission combined the 11,000 pounds of marijuana from the federal conviction with the 85,000 pounds of marijuana from the state conviction. A state offense may be used to establish a prisoner's offense-severity rating if the state offense is sufficiently related to the federal offense in time or nature.[12] Maddox's federal offense involved conduct that took place between May 1, 1980, and February 2, 1981. The state offense took place on February 1, 1981. The two offenses were sufficiently related in time and nature. The Commission's decision therefore was based on appropriate information and was not "flagrant, unwarranted, or unauthorized." Accordingly, the Parole Commission's offense-severity rating for Maddox was not improper.[13]

### IV.

The Parole Commission for "good cause" may go outside its guidelines, provided that "the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." [14] " '[G]ood cause' means substantial reason and includes only those grounds put forward by the Commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant or capricious." [15] It includes such factors as "whether ... the prisoner was involved in an offense with an unusual degree of sophistication or planning, or has a lengthy prior record, or was part of a

---

8. *Tarlton,* 441 F.2d at 385.

9. *Young v. United States Parole Comm'n,* 682 F.2d 1105, 1108 (5th Cir.), *cert. denied,* 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 517 (1982).

10. *Kramer v. Jenkins,* 803 F.2d 896, 901 (7th Cir.1986).

11. *See* 28 C.F.R. § 2.20 (Offense Severity Index, Chapter Nine, Subchapter B, § 911(a)–(c)) (1986).

12. 28 C.F.R. § 2.20 (Offense Severity Index, Chapter Thirteen, Subchapter A, General Note 7) (1986).

13. *See Young,* 682 F.2d at 1108.

14. 18 U.S.C. § 4206(c) (1982); *see also Stroud v. United States Parole Comm'n,* 668 F.2d 843, 846 (5th Cir.1982).

15. *Harris v. Martin,* 792 F.2d 52, 55 (3d Cir. 1986) (quoting H.R.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 27, *reprinted in* 1976 U.S.Code Cong. & Admin.News 351, 359).

large scale conspiracy or continuing criminal enterprise." [16]

The Parole Commission's decision fixing a period of confinement in excess of the time determined by the guidelines was based, in part, on its finding that Maddox "continued to engage in drug trafficing [sic] after being indicted on the Federal drug charges." This finding was based on the sentencing judge's statements contained in an AO–235 form. Maddox contends that this finding does not constitute good cause because it is based on hearsay.

■ As stated previously, the Parole Commission may consider hearsay evidence. The Commission satisfied the statutory and due process requirements concerning decisions outside the guidelines; it specified the reasons underlying its determination and afforded Maddox an opportunity to appeal.[17] The Commission acknowledged Maddox's claim that its decision was based on erroneous information but rejected his claim because it was not supported by "persuasive evidence to refute the accuracy of the information" on which his parole determination was made. Maddox presents no objective evidence to support his allegations that he did not continue to engage in drug trafficking after his federal indictment. Giving due regard to the Commission's credibility choices,[18] its decision to consider the sentencing judge's statements is based on "some evidence." Because the sentencing judge's comments demonstrate that Maddox was part of a large-scale "continuing criminal enterprise," they provide a valid basis for a decision outside the guidelines.

## V.

■ "The Parole Commission ... cannot use aggravating factors to continue a prisoner beyond the guidelines when such factors were used initially to place the prisoner in a particular severity category." [19] This amounts to impermissible double-counting. Likewise, double-counting occurs when the Parole Commission uses the same information that it used to establish a prisoner's salient factor score to support its decision outside the guidelines.[20] In Romano v. Baer,[21] the Seventh Circuit set forth a helpful test to determine whether double-counting has occurred:

> [T]o determine whether double-counting has occurred, the crucial comparison is between the factors used to place a defendant in a severity category and the factors used to continue a prisoner beyond the guidelines.... Thus, if the Parole Commission failed to take note of a particular element of the conviction in determining a severity category, it would not abuse its discretion by considering that element as an aggravating factor.[22]

The Romano standard is a more detailed statement of the same standard for double-counting set forth by this Court in Stroud v. United States Parole Commission.[23] In Stroud, the Court held that the Parole Commission does not double-count when it focuses on the number of the prisoner's prior convictions to establish his salient factor score but considers the nature of those convictions to support its decision outside the guidelines.

The Parole Commission's decision was based in part on the finding that the state and federal convictions involved "the distribution of Marijuana in an amount approximately 4½ times greater" than the amount needed for a category six rating. Maddox contends that the Parole Commission double-counted because it used the amount of marijuana from both convictions to establish his offense-severity rating and to support its decision above the guidelines.

---

**16.** H.R.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 27, *reprinted in* 1976 U.S.Code Cong. & Admin.News 351, 359.

**17.** *See Stroud,* 668 F.2d at 846.

**18.** *Tarlton,* 441 F.2d at 385–86.

**19.** *Romano v. Baer,* 805 F.2d 268, 271 (7th Cir. 1986).

**20.** *See Stroud,* 668 F.2d at 847.

**21.** 805 F.2d 268 (7th Cir.1986).

**22.** *Id.* at 271.

**23.** 668 F.2d 843, 847 (5th Cir.1982).

In establishing Maddox's offense-severity rating the Parole Commission considered the 96,000 pounds of marijuana only to the extent it satisfied the 20,000 pounds requirement. The Parole Commission's decision, however, was based on the fact that the 96,000 pounds of marijuana is 4½ times the amount required for a category six rating. This does not constitute double-counting.[24] Moreover, this factor is a valid basis for the decision because it shows that Maddox was a member of a very large-scale marijuana distribution operation. The Parole Commission had good cause to go outside the guidelines.

For these reasons, the decision is AFFIRMED.

---

**24.** *See Castaldo v. United States Parole Comm'n,* 725 F.2d 94, 96 (10th Cir.1984); *Solomon v.* *Elsea,* 676 F.2d 282, 287 (7th Cir.1982).