863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles SIMMONS, Petitioner-Appellant,
v.
KEOHANE, Warden; United States Parole Commission,
Respondents-Appellees.
 No. 88-5412.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1988.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and RICHARD A. ENSLEN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Charles Simmons brought this habeas corpus action under 28 U.S.C. Sec. 2241, claiming that the United States Parole Commission erred when it set his presumptive parole date outside the applicable guidelines. In addition, he claimed that the Commission erred when it considered vacated Florida state convictions and a disciplinary infraction in determining his presumptive parole date. Simmons requested injunctive relief. The district court dismissed the petition as meritless, deciding that the Commission properly set Simmons' presumptive parole date outside the applicable guidelines and properly considered the vacated state convictions and disciplinary infraction in making its decision. Simmons raises the same arguments on appeal.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of the petition. The Commission's decision setting a presumptive parole date can be set aside only for an abuse of discretion. Adams v. Keller, 736 F.2d 320 (6th Cir.1984) (en banc), and the decision setting the date beyond the guidelines will be upheld if it is not irrational for the Commission to have done so. Iuteri v. Nardoza, 732 F.2d 32, 37 (2d Cir.1984).
 
 
 5
 The Commission did not err by setting petitioner's presumptive parole date outside the guideline range. Under Sec. 235(b)(3) of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 2032, the Commission is permitted to set a release date outside of its guideline ranges. See 28 C.F.R. Sec. 2.64(b) (1987). In this case, the Commission's interpretation is consistent with the Comprehensive Crime Control Act since Sec. 235(b)(3) permits a release date set early enough to permit consideration of an appeal, a process that normally requires about three months. See 28 C.F.R. Sec. 2.64(b). Thus, the Commission did not violate the requirements of Sec. 235(b)(3) of the Act in setting Simmons' presumptive parole date outside of his guideline range.
 
 
 6
 The Parole Commission also properly considered Simmons' vacated convictions as an aggravating factor in setting his presumptive parole date outside of the applicable guideline range. The Commission is expressly authorized under 28 C.F.R. Sec. 2.19(b) to consider any relevant information, even hearsay evidence concerning a prisoner, when making a parole determination. See Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984). The Commission's consideration of the vacated convictions is also consistent with the Commission's right to consider a wide variety of relevant information in making parole determinations. See Maddox v. United States Parole Comm'n, 821 F.2d 997 (5th Cir.1987).
 
 
 7
 In this case, the Commission properly considered the vacated convictions. The record shows that the Commission diligently investigated the circumstances surrounding the vacated convictions. The Commission decided to consider these convictions because, according to the criminal report affidavits filed with these offenses, Simmons was positively identified by witnesses as one of the offenders in three of the vacated armed robbery offenses. The affidavit concerning the fourth armed robbery states that petitioner admitted to this offense after being advised of his rights. The affidavit concerning the grand theft auto offense states that a Tampa Florida police officer observed petitioner driving the stolen automobile. The Commission properly considered these vacated convictions because there was persuasive information that petitioner committed the criminal acts.
 
 
 8
 Finally, the Commission properly considered a disciplinary infraction in determining Simmons' presumptive parole date. The Commission investigated the circumstances surrounding the incident and found that petitioner accepted money from another inmate in order to relocate his niece near the prison. There was also a finding that part of this escape plan involved an arrangement to hire someone to fly a helicopter. Based on this information, the Commission properly added additional months to Simmons' original range. See 28 C.F.R. Sec. 2.36(a)(2)(i)(A) (1987).
 
 
 9
 Accordingly, the judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation