875 F.2d 869
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerrol G. WOODS, Petitioner-Appellant,
v.
O.I. WHITE, Warden, Respondent-Appellee.
 No. 88-6276.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jerrol G. Woods appeals the denial of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2241. Woods alleged that the United States Parole Commission failed to adequately explain its decision to exceed the guidelines in his case and double counted his convictions against him. The district court summarily denied the petition as without merit on its face. Upon consideration, we conclude that the petition was properly dismissed.
 
 
 4
 First, petitioner's contention that the district court erred in denying his petition in a summary fashion is without merit. Under 28 U.S.C. Sec. 2243, the district court may summarily dismiss a petition if it appears that petitioner is not entitled to relief. Cf. Rule 4, Rules Governing Section 2255 Cases; Rules Governing Section 2255 Cases. Here, the district court correctly concluded that the instant petition is without merit on its face.
 
 
 5
 The district court properly rejected each of petitioner's claims. The Parole Commission adequately explained that its decision to exceed the guidelines in this case was based upon petitioner's demonstrated inability to stay out of prison for any appreciable length of time before committing another serious crime. This decision is reviewed only for an abuse of discretion. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). The Commission may consider the nature of petitioner's prior offenses to support its decision. Maddox v. United States Parole Comm'n, 821 F.2d 997, 1001 (5th Cir.1987). Here, we conclude that the Commission's decision that petitioner's prior record was "good cause" to exceed the guidelines under 18 U.S.C. Sec. 4206(c) (repealed effective Nov. 1, 1987) because the pattern of convictions demonstrates the petitioner is a poor parole risk. See Hackett, 851 F.2d at 131-32 (citing Maddox, 821 F.2d at 1000).
 
 
 6
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation