884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard BRAMBLETT, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 89-1198.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1989.
 
 1
 Before DAVID A. NELSON and RYAN, Circuit Judges, and MEREDITH, District Judge.*
 
 ORDER
 
 2
 Howard Bramblett appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2241. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bramblett claimed that the United States Parole Commission violated its rules and regulations when it exceeded the guideline range for his offense and arbitrarily set his presumptive parole date. The district court dismissed the petition, concluding that the Commission acted within the scope of its legal authority and had a rational basis for what it did.
 
 
 4
 Upon consideration, we affirm the district court's judgment. The Commission had good cause for exceeding the parole guideline range for Bramblett's offense. See Maddox v. United States Parole Comm'n, 821 F.2d 997, 1000-01 (5th Cir.1987). Although Bramblett did not personally cause the deaths that resulted from the conspiracy, 28 C.F.R. Sec. 2.20 allows the Commission to hold a participant of a conspiracy accountable for the concerted conduct of his co-conspirators.
 
 
 5
 In addition, the Commission's substantive decision has the required rational basis. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 130 (6th Cir.1987) (per curiam). The Commission based its decision on information in Bramblett's presentence report. Review of the Commission's findings is precluded notwithstanding that the findings are alleged to be based on inaccurate information. See Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation