# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 95-10354
Summary Calendar

_____

**Joseph Money,**

**Petitioner/ Appellant,**

**VERSUS**

**United States Parole Commission,**

**Respondent/ Appellee.**

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-377-Y)

_____

September 26, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Joseph Money appeals the denial of habeas relief. **We AFFIRM.**

I.

Money, incarcerated at the Federal Medical Center at Fort Worth, Texas, filed a habeas petition, challenging the determination of his presumptive parole date. He contended that the Parole Commission's determination, establishing a presumptive parole date which exceeded his guideline range of 40-52 months,

---

[1]    Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that rule, the court has determined that this opinion should not be published.

should be overturned because he is an exemplary inmate with the highest possible salient factor score and because his similarly situated codefendant was given a presumptive parole date within his guideline range. Money claimed that the Parole Commission violated its rules and abused its discretion by establishing disparate presumptive parole dates for Money and his codefendant.

The Parole Commission's decision to exceed the guideline range was based upon an aggravating factor -- the amount of drugs involved exceeded by 22 times the amount of drugs at the lower threshold of the offense severity category. On Money's administrative appeal, the National Appeals Board of the Parole Commission ordered that Money's presumptive parole date be set at 72 months.[2] Although partial relief was granted because of codefendant disparity, further relief was deemed unwarranted. According to the Appeals Board, the codefendant's equal culpability and similar criminal history compelled the conclusion that the decision *in the codefendant's case*, which established a presumptive parole date within the guideline range, was not appropriate.[3]

The magistrate judge found that there was evidence in the record which supported the Parole Commission's decision.

---

[2]     Money was originally sentenced to 12 years (144 months) imprisonment. The hearing panel recommended that the presumptive parole date be set at 72 months. The regional commissioner overruled the panel, recommending that the incarceration continue to expiration (occurring after 96 months). The National Appeals Board ruled that the presumptive parole date should be set at 72 months.

[3]     Unlike Money, the codefendant had a prior criminal history which the Commission's analyst characterized as involving arrests which were "ancient and not of a serious nature."

Therefore, the magistrate judge concluded that Money had failed to demonstrate that the Parole Commission's decision was unwarranted. The district court conducted a *de novo* review and, over Money's objection, adopted the findings and conclusions of the magistrate judge and entered judgment denying habeas relief.

## II.

Money contends that the Parole Commission failed to follow its own rules in setting his presumptive parole date at 72 months, when his equally culpable codefendant received a presumptive parole date of 48 months.

The Parole Commission has "absolute discretion concerning matters of parole", and "may use all relevant, available information in making parole determinations". *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 999 (5th Cir. 1987). "The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond." *Id*. (internal quotations omitted).

> [T]his Court cannot disturb a decision by the Commission setting the time for parole release absent a showing that the action is flagrant, unwarranted, or unauthorized. So long as due process requirements are observed and the Commission has acted within its statutory authority, we will not usurp the Commission's position as established in the statutory scheme enacted by Congress.

*Maddox*, 821 F.2d at 1000 (internal quotations and citations omitted).

"The Parole Commission guidelines provide instructions for rating the severity of various `offense behaviors.' Where circumstances warrant, a decision outside the guidelines may be appropriate." *Sheary v. U.S. Parole Comm'n*, 822 F.2d 556, 558 (5th Cir. 1987) (citing 28 C.F.R. § 2.20(d)).

> The Parole Commission for "good cause" may go outside its guidelines, provided that the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon. "[G]ood cause" means substantial reason and includes only those grounds put forward by the Commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant or capricious. It includes such factors as whether . . . the prisoner was involved in an offense with an unusual degree of sophistication or planning, or has a lengthy prior record, or was part of a large scale conspiracy or continuing criminal enterprise.

*Maddox*, 821 F.2d at 1000-01 (footnotes and internal quotations omitted). "Although the Commission's decisions must have a factual basis, judicial review is limited to whether there is `some evidence' in the record to support the Commission's decision." *Maddox* 821 F.2d at 1000 (footnote and citation omitted).

Under § 2.20-09, of the U.S. Parole Commission Rules and Procedures Manual (1995), the term "`[u]nwarranted codefendant disparity' refers to different parole decisions for similarly situated offenders where no legitimate reasons for the difference in decisions exists. It is to be remembered that different decisions for codefendants are not necessarily inappropriate." Example 7, illustrating the application of this section, provides:

> Three codefendants appear equally culpable, have similar salient factor scores, have identical sentences, and appear to have no other relevant differences. Significantly different decisions by the Commission in

- 4 -

such cases constitute unwarranted disparity and are to be avoided. Note: *if it appears that the Commission has erroneously granted unwarranted leniency to one codefendant, it is not appropriate to compound such error by providing unwarranted leniency to other codefendant cases.*

*Id.* (Example 7) (emphasis added); *see* **Sheary**, 822 F.2d at 559 (noting Example 7 in case involving disparate sentences); *see also* **Coleman v. Perrill**, 845 F.2d 876, 879 (9th Cir. 1988) (Commission was not bound by its own regulations concerning codefendant disparity because regulations were merely precatory and, therefore, failure to follow regulations was not reviewable by court of appeals).

In the instant case, evidence in the record tends to demonstrate that the leniency accorded the codefendant was unwarranted. Because Money's offense behavior involved at least 22 times the amount of drugs at the lower threshold of the offense severity category, the National Appeals Board determined that a decision above the guidelines was warranted. The lower threshold of offense severity category six was met in offenses involving 200,000 doses of amphetamine. Money's offense involved 4,536,000 dosage units, and he reaped approximately $750,000 in profits from the criminal enterprise between 1984 and 1988. The Commission's analyst found that Money and the codefendant were "almost equally culpable," had identical guideline ranges of 40-52 months, identical salient factor scores, and similar criminal histories. Because the codefendant was equally culpable, the Commission's determination that the codefendant's parole decision was excessively lenient was not unwarranted; and, accordingly, the

disparate decision in Money's case was not inappropriate. Therefore, the district court properly denied habeas relief.

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**