James Ray VAN ETTEN,
Plaintiff–Appellant,

v.

UNITED STATES PAROLE
COMMISSION, Defendant–
Appellee.

No. 96–30190
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1996.

James Ray Van Etten, Pearl, MS, pro se.

Janice E. Hebert, U.S. Attorneys Office, Western District of Louisiana, Lafayette, LA, for defendant-appellee.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:

James Van Etten (# 34243–079) is incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. Proceeding *pro se* and *in forma pauperis,* he filed a petition for a writ of mandamus in which he challenged his current incarceration resulting from federal parole-revocation proceedings.

Van Etten was convicted in the United States District Court for the Southern District of Texas of possession with intent to distribute amphetamine tablets. He was sentenced on September 23, 1986, to eight years of imprisonment and a special parole term of three years. He was paroled on October 6, 1989. His parole was scheduled to expire on June 10, 1994. On April 29, 1994, a parole-violator's warrant was issued for Van Etten's arrest alleging the following violations: (1) a misdemeanor conviction on January 18, 1994, in an Arkansas state court for possession of marijuana; (2) possession of a firearm; (3) failure to submit supervision reports; (4) the failure to report a change of residence.

A parole-revocation hearing was held on November 9, 1994, at which it was recommended that Van Etten's parole be revoked, that his "street time" be forfeited, that he serve twenty-four months of imprisonment, and that on release that he resume parole. The revocation was affirmed on appeal to the National Appeals Board.

In his petition, Van Etten alleged that the revocation of his parole and his resulting incarceration are illegal because: (1) he was denied procedural due process at the parole-revocation hearings; (2) the forfeiture of his "street time" was based on an unconstitutional conviction obtained from an Arkansas municipal court because he was denied the right to counsel; and (3) the Parole Commission lacked jurisdiction over him because his sentence had already expired when it revoked his parole.

A magistrate judge construed the petition as one for habeas corpus, which he recommended denying. Van Etten filed objections to the report and recommendation. After a *de novo* review of the record, the district court adopted the magistrate judge's findings and dismissed the petition with prejudice.

## DISCUSSION

This court's review of the decision of the Parole Commission is "quite circumscribed." *Villarreal v. U.S. Parole Comm'n.,* 985 F.2d 835, 839 (5th Cir.1993). The court "simply ask[s] whether there is some evidence in the record to support the Commission's decision." *Id.* (internal quotation marks omitted). The Parole Commission's decision will be affirmed unless its action "is flagrant, unwarranted, or unauthorized." *Maddox v. U.S. Parole Comm'n.,* 821 F.2d 997, 1000 (5th Cir.1987) (internal quotations and citations omitted).

Van Etten argues that the forfeiture of his "street time" based on an uncounseled misdemeanor conviction is unconstitutional. He contends, *inter alia,* that because incarceration was not an available punishment under his Arkansas conviction, that conviction cannot serve as the basis for forfeiture of his "street time."

The record indicates that Van Etten was convicted in a municipal court. The magistrate judge noted that under Ark.Code Ann. § 16–17–704(a)(2) (West 1987 & Supp. 1995), municipal courts have no jurisdiction over felonies. The magistrate judge further noted that the order convicting Van Etten of possession of a controlled substance referenced Chapter 64 of Title 5 of the Arkansas Code of 1987. That statute contains the general definition pertaining to controlled-substance offenses, but the specific statute under which Van Etten was convicted was not indicated in the record. *See* Ark.Code Ann. § 5–64–101 (West 1987 & Supp.1995).

Although a person convicted on his first offense of possession with intent to manufacture or deliver a controlled substance is guilty of a Class A misdemeanor which is punishable by a one-year sentence of imprisonment, *see id.* at §§ 5–64–401(c), 5–4–401(b)(1), there is no evidence that Van Etten was convicted under that statute. The municipal court's order states simply that Van Etten "plead guilty, nolo contendre (sic), or [had] been found guilty of the illegal use or possession of a controlled substance...." The court records do not mention possession with intent to manufacture or deliver a controlled substance. It is possible that Van Etten was convicted of an unclassified misdemeanor. The Arkansas statutes do not specify a term of imprisonment for unclassified misdemeanors. *See* Ark.Code Ann. § 5–4–401(b)(4).

28 C.F.R. § 2.52(c) states that:

> A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below: ...
>
> (2) ... [i]f the parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by a term of imprisonment, detention, or incarceration in any penal facility, forfeiture of the time from the date such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility....

The Parole Commission revoked Van Etten's "street time" based on the Arkansas misdemeanor conviction without any evidence that he could have been sentenced to jail in that proceeding. Therefore, the revocation was in violation of § 2.52(c). Because there is no evidence in the record to support the Commission's decision, we must reverse the district court's order dismissing Van Etten's petition with prejudice.

Having reviewed Van Etten's remaining arguments and the record, we find no other reversible error in the district court's order.

Van Etten's motion to strike the appellee's brief for failure to comply with the Federal Rules of Appellate Procedure is DENIED.

REVERSED and REMANDED for further proceedings consistent with this opinion.