United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41166
Summary Calendar

LESTER KNIGHTEN,

Petitioner-Appellant,

versus

UNITED STATES PAROLE COMMISSION; MARVIN MORRISON,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1171
--------------------

Before Jolly, Dennis, and Clement, Circuit Judges.

PER CURIAM:[*]

Lester Knighten, federal prisoner # 15135-045, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Knighten's petition challenged the United States Parole Commission's (Commission) decision denying him parole. Knighten contends that the Commission improperly considered false information, including a rape charge for which he was acquitted at trial, as a reason to justify a departure from the guidelines. Knighten also contends that the Commission "double counted" by using the same factors establishing his severity rating to depart from the guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range.  Knighten further contends that he was denied due process because the National Appeals Board failed to act on his case within the 60-day time limit mandated under 28 C.F.R. § 2.26(c). Lastly, Knighten argues that the district court erred in not considering evidence he submitted in support of his § 2241 petition and for not conducting an evidentiary hearing on his claims.

There is no evidence in the record that the Commission incorrectly relied on the fact of two rape convictions to justify a departure from the guidelines.  Knighten has failed to show that the Commission lacked good cause to depart from the guidelines or that "double counting" occurred.  See Maddox v. United States Parole Comm'n, 821 F.2d 997, 999-1001 (5th Cir. 1987).  Additionally, Knighten has failed to show that he was prejudiced by the National Appeals Board's delay in considering his appeal within the mandated time limit set forth in § 2.26(c). See Page v. United States Parole Comm'n, 651 F.2d 1083, 1087 (5th Cir. 1981).  The record reflects that the district court did consider the evidence submitted by Knighten in support of his § 2241 petition and that there was no error on the part of the district court in not conducting an evidentiary hearing.  See Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989).

Accordingly, the judgment of the district court is AFFIRMED. Knighten's motion to expedite his appeal is DENIED.