

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2007

# Dare v. US Parole Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dare v. US Parole Comm" (2007). *2007 Decisions.* Paper 1797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2640
_____

JOHN DARE,
Appellant

v.

UNITED STATES PAROLE COMMISSION;
WARDEN, FCI MCKEAN
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00257E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted on a Motion for Summary Affirmance
December 15, 2006

Before: RENDELL, SMITH and COWEN, <u>Circuit Judges</u>.

(Filed January 9, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant John Dare, a federal prisoner incarcerated at FCI-McKean in Bradford,

Pennsylvania, was sentenced by the District of Columbia Superior Court to a term of

imprisonment of 45 years for second degree murder on February 11, 1980. He was first

paroled by the District of Columbia Board of Parole in 1991. His parole was subsequently revoked, and he was reparoled two more times. His most recent release on parole from his current sentence was on May 11, 2003, and he was to remain under supervision until July 13, 2033.

After a hearing on October 16, 2004, the United States Parole Commission ("the Commission") revoked Dare's parole by a Notice of Action dated January 3, 2005.[1] The Commission ordered that Dare serve nine months as a sanction for his failure to submit to drug testing, failure to report to his supervising officer as directed, failure to report a change in residence, and failure to report a change in employment. Dare was to remain in custody until his reparole date of May 16, 2005.

On or about April 25, 2005, the Bureau of Prisons ("BOP") notified the Commission that Dare had been unable to establish a suitable parole plan. In response to this information, the Commission added to Dare's case the requirement that he reside in a Community Corrections Center ("CCC") upon his release on parole. See 28 C.F.R. § 2.83(a) ("All grants of parole shall be conditioned on the development of a suitable release plan and the approval of that plan by the Commission."). Subsequently, the BOP informed the Commission that it did not have sufficient time in which to find a CCC

---

[1] Jurisdiction over D.C. Code offenders sentenced to parolable sentences, and over District of Columbia parolees, was transferred to the U.S. Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998). See D.C. Code Ann.§ 24-131 (formerly § 24-1231).

2

placement, and it requested that Dare's release date be retarded. The Commission ordered that Dare's parole effective date be retarded by 60 days to July 16, 2005, as permitted by 28 C.F.R. § 2.83(d) ("Commissioner may retard a parole date for purposes of release planning for up to 120 days without a hearing.").

On July 13, 2005, the BOP informed the Commission that the Baltimore Community Corrections Manager had denied Dare placement in a CCC due to his criminal history, which included a sex offense. In response to this information, the Commission retarded the parole effective date on July 15, 2005, and ordered a hearing to consider a release plan. That hearing took place on October 18, 2005, and as a result of it, the Commission, ultimately, on November 1, 2005, ordered that Dare be denied parole pending approval of a suitable release plan. The hearing examiner made this recommendation based on the practicalities, which were that Dare had been paroled on three separate occasions unsuccessfully, and that, based on the sex offense, the majority of Community Correction Centers now would not accept him, and the one facility that would accept him denied him entry because of his history of escape.

Meanwhile, on September 9, 2005, Dare filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the Western District of Pennsylvania. Initially, he contended that the lack of a hearing violated his right to due process, but, after the October 2005 hearing and November 2005 decision, Dare based his claim for habeas relief on the alleged arbitrary and capricious denial of parole.

Specifically, Dare claimed that use of his 1975 juvenile conviction for Carnal Knowledge to deny him parole was arbitrary and capricious, because the conviction had been dismissed. The Commission filed a response, clarifying that Dare had received a suspended sentence for the Carnal Knowledge conviction and a term of probation, and that, even if the conviction had been expunged (which was not clear), the Commission could properly use the fact of the conviction in setting conditions for Dare's release.

The Magistrate Judge filed a Report and Recommendation, in which she agreed that use of the fact of the Carnal Knowledge conviction in setting conditions for Dare's release was not arbitrary and capricious. An expungement, if it occurred, would not affect the nonpublic record maintained by the Department of Justice, see United States v. Campbell, 724 F.2d 812, 813 (9th Cir. 1984) (trial court could consider prior Youth Corrections Act drug conviction in imposing sentence for subsequent offense),[2] and courts have consistently recognized the Commission's authority to use information concerning dismissed charges, see, e.g., Maddox v. U.S. Parole Commission, 821 F.2d 997 (5th Cir. 1987). In an order entered on May 3, 2006, the District Court denied the habeas petition and adopted the Magistrate Judge's Report and Recommendation as the Opinion of the Court. Dare appealed, and the government has moved for summary affirmance.

---

[2] The Report and Recommendation mistakenly refers to this case as "United States v. Richards."

4

We will grant the government's motion for summary affirmance, because it clearly appears that no substantial question is presented by this appeal. 3rd Cir. LAR 27.4 and I.O.P. 10.6. Our role in reviewing decisions by the United States Parole Commission on an application for a writ of habeas corpus is limited. See Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). The appropriate standard of review is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons. Id. (citing Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)). However, we must ensure that the Commission's decision is not arbitrary and capricious, nor based on impermissible considerations. Id.

The Commission may deny parole pending approval of a suitable release plan. See 28 C.F.R. § 2.83(d) ("If efforts to formulate an acceptable release plan prove futile ... the Commission may deny parole if it finds that the release of the prisoner without a suitable plan would fail to meet the criteria set forth in § 2.73."). We have carefully reviewed the record, and we conclude that the Commission's decision requiring Dare to reside in a Community Corrections Center upon his release on parole was not arbitrary and capricious in view of Dare's poor parole history. It is unfortunate that Dare's prospects for placement are more limited because of the 30 year-old juvenile sex offense, but the Commission's decision can hardly be said to be arbitrary and capricious where Dare's own history of escape is the reason why the one CCC potentially willing to accept him will not. We note further that the decision to deny him parole is, by its own terms,

5

temporary "pending approval of a suitable release plan."

We will grant the motion for summary affirmance and summarily affirm the order of the District Court denying the habeas petition.