United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40953
Summary Calendar

_____

DELMAN WESLEY BALL

Petitioner - Appellant

v.

UNITED STATES PAROLE COMMISSION

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CV-231
--------------------

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Delman Wesley Ball, former federal prisoner # 36780-118,
appeals the district court's denial of his 28 U.S.C. § 2241
habeas petition.  Ball argued that he was entitled to federal
sentencing credit for time he spent on the street between his
release from a state sentence on December 29, 2004, and his
arrest on a federal parole violator's warrant on June 15, 2005.

In 1983, Ball was convicted of bank robbery in federal
district court in Maryland and was sentenced to 22 years in
prison.  He was paroled from this sentence in November 2002 with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

781 days to be served on his federal sentence. Ball was taken into custody in 2003 and was convicted in 2004 of a Texas state offense. In May 2003, the Parole Commission issued a parole violator's warrant for Ball's arrest.

Ball has not established that the Parole Commission's refusal to credit his federal sentence with "street" time between his release from state prison and his arrest on the federal violator's warrant was "'flagrant, unwarranted, or unauthorized.'" Van Etten v. United States Parole Comm'n, 96 F.3d 144, 145 (5th Cir. 1996) (citation omitted). Under 28 C.F.R. § 2.44(d), the issuance of the violator's warrant in 2003 "operate[d] to bar the expiration of [Ball's federal] sentence." Under 28 C.F.R. § 2.52(c)(2), Ball's conviction of the new state offense resulted in a "forfeiture of time from the date of [his] release [from his federal sentence] to the date of execution of the [violator's] warrant."

Ball also argues that the Parole Commission violated his due process rights by denying him the review options under 28 C.F.R. § 2.47(c). The record, however, reflects that the Commission chose, as permitted by § 2.47(c)(3), to "[l]et the detainer stand and order further review" when Ball returned to federal custody.

The judgment of the district court is AFFIRMED.