

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# Dare v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Dare v. USA" (2008). *2008 Decisions.* Paper 1597.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1597

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-68                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3217

_____

JOHN DARE,
                                        Appellant,

v.

UNITED STATES OF AMERICA; JAMES F. SHERMAN,
Warden, FCI McKean, Pennsylvania; DEANNA TRONETTI,
Unit Manager, FCI McKean Pennsylvania; ROBERT A. FAIR,
Case Manager, FCI McKean, Pennsylvania; STEVEN
BRUNSON, Analyst, US Parole Commission, 5550 Friendship
Boulevard, Chevy Chase, Maryland

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00115)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted on a Motion for Summary Affirmance and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
November 29, 2007

Before: McKEE, RENDELL and SMITH, <u>Circuit Judges</u>

(Opinion filed: February 14, 2008 )

_____

OPINION

_____

PER CURIAM

Appellant John Dare, a federal prisoner incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed a combined civil rights/Federal Tort Claims Act ("FTCA") action[1] in United States District Court for the Western District of Pennsylvania, alleging that he was confined in prison more than 20 months past his parole eligibility date.[2] Dare sued the United States of America, certain FCI-McKean officials and employees, and an employee of the United States Parole Commission, alleging that both staff at FCI-McKean and the Parole Commission provided inaccurate information regarding his past criminal history, specifically, a dismissed 1973 juvenile conviction for Carnal Knowledge, in an attempt to deny him parole. Staff knew the information was false and provided it in retaliation for his having exercised his constitutional rights.

The defendants moved to dismiss the complaint, or, in the alternative, for summary judgment. Dare opposed this motion and also filed a motion to amend the complaint. The Magistrate Judge submitted a Report and Recommendation, recommending that the motion be granted to the extent of the civil rights and FTCA counts, that the complaint be dismissed as frivolous to the extent of the retaliation count, and that the motion to amend be denied as futile. In an order entered on June 21, 2007, the District Court, after

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 28 U.S.C. § 2671 et seq.

[2] Dare was serving a 45-year term of imprisonment for second degree murder.

2

engaging in de novo review of the parties' submissions, granted the defendants' motion, dismissed the retaliation count under 28 U.S.C. §§ 1915(e)(2) and 1915A, and denied Dare's motion to amend his complaint. Thereafter, Dare sought and obtained additional time to file Objections, but instead of doing so, he filed a notice of appeal.

Our Clerk advised the parties that we might act summarily to dispose of this appeal, see Third Cir. LAR 27.4 and I.O.P. 10.6, and asked for responses to the question of the Court's jurisdiction in view of the extension to file Objections granted by the District Court. The appellees responded by moving for summary affirmance. Dare responded by opposing summary dismissal, and by submitting a motion for appointment of counsel on appeal. He also, in separate submissions, asked the Court to assume jurisdiction over the appeal.

We have jurisdiction under 28 U.S.C. § 1291.[3] We will summarily affirm the order of the District Court granting the defendants' motion, dismissing the retaliation claim as frivolous, and denying Dare's motion to amend, because it clearly appears that no substantial question is presented by this appeal. 3rd Cir. LAR 27.4 and I.O.P. 10.6. The District Court held that Heck v. Humphrey, 512 U.S. 477 (1994), barred both the Bivens and FTCA counts because Dare had failed to show that the duration of his

---

[3] Dare submitted a "Docketing Statement" and "Jurisdiction Memorandum," in which he indicated that he would elect to stand on his notice of appeal. Accordingly, we find that the order is appealable now. Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001) (citing Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam)).

3

sentence had ever been invalidated.  We agree.  Heck holds that a prisoner's civil rights suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated.  512 U.S. at 486-87.  Heck's favorable termination rule applies "no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  See also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997).

Heck applies to Bivens-type actions, see, e.g., Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995), and we agree with the District Court that Heck bars this action whether brought under Bivens or the FTCA.  Heck applies to Dare's particular FTCA action, because a judgment that his prison term had negligently been miscalculated would raise the same problems that led the Supreme Court to hold in Heck that no constitutional civil rights cause of action had accrued.  Cf. Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (action under FTCA for negligently calculating prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until prisoner has established, in direct or collateral attack on his imprisonment, that he is entitled to release from custody).  Dare's habeas corpus case challenging the use of the juvenile conviction, which he filed prior to bringing this action for damages, was unsuccessful.  See Dare v.

4

U.S. Parole Commission, 212 Fed. Appx. 144 (3d Cir. 2007).[4]  The duration of his

confinement has never been declared invalid, and he, therefore, has not satisfied Heck's

favorable termination rule.[5]

Finally, the retaliation count is frivolous because Dare did not identify any

constitutionally protected conduct that was a substantial or motivating factor in the

decision not to release him sooner, see Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir.

2001).  In addition, the District Court properly exercised its discretion to deny the motion

---

[4] Dare filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United
States District Court for the Western District of Pennsylvania, claiming that use of his
juvenile conviction for Carnal Knowledge to deny him parole was arbitrary and
capricious, because the conviction had been dismissed.  The U.S. Parole Commission
filed a response, clarifying that Dare had received a suspended sentence for the Carnal
Knowledge conviction and a term of probation, and that, even if the conviction had been
expunged (which was not clear), the Commission could properly use the fact of the
conviction in setting conditions for Dare's release.  The District Court held, and we
agreed on appeal, that the Commission could deny parole pending approval of a suitable
release plan.  An expungement, if it occurred, would not affect the nonpublic record
maintained by the Department of Justice, and the Commission had the authority to use
information concerning dismissed charges.  The Commission's decision to require Dare to
reside in a Community Corrections Center upon his release on parole was not arbitrary
and capricious in view of Dare's poor parole history, and Dare's own history of escape
was the reason why the one CCC potentially willing to accept him would not.  Id. at 145-
46.

[5] Dare apparently was released on parole during the pendency of this litigation.
Because he properly could, and previously did, avail himself of the habeas corpus
remedy, Heck applies to him even though he has since been released.  See Gilles v. Davis,
427 F.3d 197, 209-10 (3d Cir. 2005) (Heck applies to habeas eligible plaintiff).  Cf.
Powers v. Hamilton County Public Defender Comm'n, 501 F.3d 592, 601-03 (6th Cir.
2007) (former prisoner asserting civil rights claim may avoid Heck if he is precluded from
seeking habeas redress, but is not entitled to such an exception if he could have sought
and obtained habeas review while still in prison but failed to do so).

to amend the complaint because any amendment would have been futile, see Foman v. Davis, 371 U.S. 178, 182 (1962), in view of the fact that the duration of Dare's sentence has never been declared invalid.

We will summarily affirm the order of the District Court in all respects. Dare's motion for appointment of counsel on appeal is denied as moot.